# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| **TEVINYANCE EVANS,** | Civil Action No.: 0:17-cv-00829-JFA |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |
| **AMERICAN AIRLINES GROUP, INC., and ABM AVIATION, INC., D/B/A AIR SERV CORPORATION, AMOS ADJAOTTOR, and ASTER AMAN ASHABO,** | |
| Defendants. | |

**COMES NOW** Plaintiff, Tevinyance Evans, by and through counsel, and complains and says:

## PARTIES

1. Plaintiff Tevinyance Evans is a citizen and resident of Chester County, South Carolina.

2. Defendant American Airlines Group, Inc. ("American Airlines") is a corporation organized and existing under the laws of the State of Delaware. At all times relevant hereto, American Airlines was licensed to, and did, conduct business in Chester County, South Carolina. American Airlines is successor by merger with U.S. Airways.

3. Defendant ABM Aviation, Inc., d/b/a Air Serv Corporation ("Air Serv"), is a corporation organized and existing under the laws of the State of Georgia.

4. Upon information and belief, Defendant Amos Adjaottor is a citizen and resident of a state other than South Carolina.

5. Upon information and belief, Defendant Aster Aman Ashabo is a citizen and resident of a state other than South Carolina.

6. This Court has jurisdiction over the subject-matter of this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

7. Venue is proper in this division pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1441(a).

## FACTUAL ALLEGATIONS

8. In 2011, Tevinyance Evans suffered permanent physical injuries in a motor vehicle accident. His injuries resulted in paraplegia and left Mr. Evans paralyzed below his waist. Since that time, Mr. Evans has required use of a wheelchair.

9. In early 2015, Mr. Evans purchased a ticket for American Airlines Flight No. 521, flying from Charlotte, North Carolina to Denver, Colorado on April 18, 2015 (the "Flight"). Mr. Evans purchased his ticket online from his home in Chester County, South Carolina.

10. When Mr. Evans purchased his ticket for the Flight, he informed American Airlines that he was disabled and would require use of a wheelchair to board and deplane the Flight.

11. Upon information and believe, American Airlines employed Air Serv to assist disabled passengers in boarding and deplaning. At all times relevant to this action, Air Serv was the agent of American Airlines and was acting within the course and scope of its agency.

12. Defendants were aware of Mr. Evans's disability when the Flight arrived in Denver, Colorado and were aware that Mr. Evans would require use of an aisle wheelchair to deplane.

13. Defendants Adjaottor and Ashabo were Air Serv agents tasked with assisting Mr. Evans in the deplaning process. At all times, these Defendants were assisted by American Airlines personnel.

14. At all times relevant to this action, Defendants Adjaottor and Ashabo were employees or agents of Air Serv and/or American Airlines and were acting within the scope of their employment or agency.

15. Defendants transferred Mr. Evans from his seat to the aisle wheelchair but failed to properly and safely strap Mr. Evans into the aisle wheelchair.

16. As Defendants proceeded to push Mr. Evans in the aisle wheelchair, Mr. Evans slipped out of the chair and fell into the aisle floor.

17. Mr. Evans suffered bodily and emotional injury as a direct and proximate result of the fall, causing past and future medical expenses, pain and suffering, and such other damages as may be proven at trial.

## FIRST CAUSE OF ACTION
**(Negligence)**

18. Plaintiff hereby incorporates the allegations of Paragraphs 1 through 17 as if fully set forth herein.

19. Defendants had a duty to exercise reasonable care in assisting Mr. Evans as he boarded and deplaned the Flight.

20. Defendants American Airlines and Air Serv owed Mr. Evans a duty of reasonable care in hiring, supervising, and training the agents who assisted Mr. Evans to provide safe assistance to disable passengers aboard the Flight.

21. Defendants, by and through their employees and agents as alleged herein, breached their duty of care to Plaintiff by negligently, willfully, wantonly, and with reckless disregard for the rights of Plaintiff:

   a) In failing to secure Mr. Evans in the aisle wheelchair with the safety straps provided;

   b) As to Defendants American Airlines and Air Serv, in failing to hire, train, supervise, and retain employees or agents qualified to safely assist disabled patrons;

   c) In failing to safeguard the safety and dignity of Mr. Evans;

   d) In failing to provide proper assistance required by Mr. Evans to deplane the Flight;

   e) In failing to safely use equipment provided by American Airlines and required by Mr. Evans to deplane the Flight; and

   f) In such other particulars as may be shown at trial.

22. As an actual and proximate result of Defendants' negligent acts and omissions as pleaded herein, Plaintiff has sustained actual damages as pleaded herein in an amount to be proven at trial.

23. Defendants' negligent acts and omissions pleaded herein were done willfully, wantonly, with gross negligence, and with reckless indifference to the Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
**(Negligence *Per Se*)**

24. Plaintiff hereby incorporates the allegations of Paragraphs 1 through 23 as if fully set forth herein.

25. At all times herein, American Airlines was a common carrier engaged in the business of transporting passengers by air and operating regularly scheduled flights, including

flights originating across the United States and around the world, including Denver, Colorado and Charlotte, North Carolina.

26. At all times herein, American Airlines and Air Serv, or their wholly owned subsidiaries, owned, operated, managed, controlled and/or maintained all equipment used in the course of the Flight.

27. Plaintiff has a disability which requires accommodations in air travel.

28. Defendants were required before and at the time of the Flight to follow federal regulations regarding accommodating passengers with disabilities in air travel, including the following:

   a) Ensuring training to proficiency concerning the requirements of federal regulations affecting the provision of air travel to passengers with a disability, 14 C.F.R. § 382.141(a)(1);

   b) Establishing procedures and ensuring training to proficiency concerning the provision of air travel to passengers with a disability, including the proper and safe operation of any equipment used to accommodate passengers with a disability, 14 C.F.R. § 382.141(a) (1);

   c) Establishing procedures and ensuring training to proficiency concerning the provision of air travel to passengers with a disability, including the proper and appropriate boarding and deplaning procedures that safeguard the safety and dignity of passengers, 14 C.F.R. § 382.141(a) (1);

   d) Promptly providing or ensuring the provision of assistance required by passengers with a disability in enplaning and deplaning, 14 C.F.R. § 382.95(a);

  e) Promptly providing or ensuring the provision of assistance offered by carrier personnel and accepted by passengers with a disability in enplaning and deplaning, 14 C.F.R. § 382.95(a);

  f) Providing the assistance of personnel and the use of ground wheelchairs, accessible motorized carts, boarding wheelchairs, and/or on-board wheelchairs; 14 C.F.R. § 382.95(a); and

  g) In such other particulars as may be shown at trial.

29. Defendants breached each of these duties by:

  h) Failing to ensure proper training to the Air Serv Agents with regarding to the safe operation of equipment used to accommodate Mr. Evans;

  i) Failing to safeguard the safety and dignity of Mr. Evans;

  j) Failing to provide proper assistance required by Mr. Evans to deplane the Flight;

  k) Failing to safely use equipment provided by American Airlines and/or Air Serv and required by Mr. Evans to deplane the Flight; and

  l) In such other particulars as may be shown at trial.

30. As an actual and proximate result of Defendants' negligent acts and omissions as pleaded herein, Plaintiff has sustained actual damages as pleaded herein in an amount to be proven at trial.

31. Defendants' negligent acts and omissions pleaded herein were done willfully, wantonly, with gross negligence, and with reckless indifference to the Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays the Court to:

i. Award Plaintiff the compensatory damages set forth above;

ii. Award Plaintiff punitive damages under applicable law;

iii. Tax the costs of this action against Defendants, including Plaintiff's reasonable attorneys' fees;

iv. Provide such other relief in this action as may be just and proper; and

v. Provide for a jury to determine all issues of fact.

This 5th day of July, 2017 at Charleston, South Carolina.

s/ Julie L. Moore
J. Rutledge Young, III (Fed. Bar No. 7260)
E-Mail: ryoung@duffyandyoung.com
Julie L. Moore (Fed. Bar No. 11138)
E-Mail: jmoore@duffyandyoung.com
96 Broad Street
Charleston, SC 29401
(843) 720-2044
*Attorneys for Plaintiff*